with your argument in Shaw v. United States 22777, which is by audio. Mr. Shaw, are you there? Mr. White, is Mr. Shaw. Mr. Shaw, can you please unmute your microphone? And remember, it's star six on your telephone. Can you hear me now? Yes, Mr. Shaw. Mr. Shaw, good afternoon or good morning still. This is Judge Lohier. With me are Judge Carney and Judge Nathan. And we're here to listen to you. We've given you five minutes of argument time and then we'll reserve decision in your case. Can you hear us? Yes, sir. Okay. So why don't you start and I will let you know when your five minutes have expired, when your five minutes are up. Okay. Okay. Yes, sir. Good morning, Your Honor. In this argument, I'm referring to complaint filed before Judge Lora Breska and citing those opinions that were rendered on or before April 13, 2015, which will enable me to compare Apple v. Apple. I have four points. Number one, erroneous view of whether the Iqbal rule applies to Title VII. Here, the fact is that the district court applied erroneous view of Iqbal, the Title VII claim. Given that jurisdictional error or violation of due process that deprives a party of notice or opportunity to be heard, United States Aid Funds v. Espinoza, 559 U.S. 260, our judgment is void and null. Second point, on the application of appropriate standard to the instant case, if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of primary sentence. See Transworld Airlines v. Thurston, 469 United States 111 at page 121. Here, the fact is that the complaint relates three mutually exclusive direct evidences. One, scientific evidence at appendix page 10, unconstitutional policy, and intentional deprivation of my constitutional rights. Assume argument that these three direct evidences are weak. However, if you combine them using a mathematical algorithm, they form a total of seven direct evidences. At least one of them would give rise to a direct strong evidence of discrimination with probability 1. In addition, the fact is that the district court declared the direct scientific evidence as a speculative one without providing me an opportunity of discovery, even if it appears that a discovery is very remote and unlikely. Scheuer v. Rhodes, 416 United States 232 at page 236. Mr. Scheuer, you have two minutes. Mr. Scheuer, you have two minutes left, a little less than two minutes. Thank you. Thank you. Third point, in asset management v. 549F3D, the Second Circuit explained that court must be mindful that the judiciary lacks specialized knowledge. This is similar to the downward analysis. In federal state commissions v. Al-Adham, the court held that when a court acts without jurisdiction, the acts or judgments of the court are void and open to collateral attack. Here, the fact is that the district court failed to respect the Second Circuit President in evaluating scientific evidence. It did not have a jurisdiction on scientific matter. Last point, when a judge acts as a trespasser of the law, the judge loses subject matter jurisdiction. In addition, when a judge acts intentionally to deprive a person's constitutional rights, he is no longer acting as a judge but as a minister of his or her prejudices. Here, Sun v. Ray, 386 United States 547 at page 568. Here, the fact is that the district court failed to follow the law describing Transvaal Airlines' half-asset management endowments in evaluating the direct scientific evidence. In addition, it not only failed to apply Iqbal's lawsible standards to my claim of equal protection clause as required by law, it also failed to adjudicate process of action No. 2 and 3. Therefore, the district court orders are void and null. My time is up, Your Honor. in your matter, so you'll hear from us at some point after today.